ORIGINAL

*Tro mot.
order to Judge*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

JUL - 1 2009

CLERK, U.S. DISTRICT COURT
By _____
Deputy

---

**SECURITIES AND EXCHANGE COMMISSION,**

**PLAINTIFF,**

v.

**PROVIDENT ROYALTIES, LLC, a Delaware Limited
Liability Company, PROVIDENT ASSET MANAGEMENT,
LLC, a Delaware Limited Liability Company, PROVIDENT
ENERGY 1, LP, a Texas Limited Partnership, PROVIDENT
RESOURCES 1, LP, a Texas Limited Partnership,
PROVIDENT ENERGY 2, LP, a Texas Limited Partnership,
PROVIDENT ENERGY 3, LP, a Texas Limited Partnership,
SHALE ROYALTIES II, INC., a Delaware Corp., SHALE
ROYALTIES 3, LLC, a Texas Limited Liability Company,
SHALE ROYALTIES 4, INC., a Delaware Corp., SHALE
ROYALTIES 5, INC., a Delaware Corp., SHALE
ROYALTIES 6, INC., a Delaware Corp., SHALE
ROYALTIES 7, INC., a Delaware Corp., SHALE
ROYALTIES 8, INC., a Delaware Corp., SHALE
ROYALTIES 9, INC., a Delaware Corp., SHALE
ROYALTIES 10, INC., a Delaware Corp., SHALE
ROYALTIES 12, INC., a Delaware Corp., SHALE
ROYALTIES 14, INC., a Delaware Corp., SHALE
ROYALTIES 15, INC., a Delaware Corp., SHALE
ROYALTIES 16, INC., a Delaware Corp., SHALE
ROYALTIES 17, INC., a Delaware Corp., SHALE
ROYALTIES 18, INC., a Delaware Corp., SHALE
ROYALTIES 19, INC., a Delaware Corp., SHALE
ROYALTIES 20, INC., a Delaware Corp., PAUL R.
MELBYE, BRENDAN W. COUGHLIN, and HENRY D.
HARRISON,**

**DEFENDANTS,**

and

**SHALE ROYALTIES 21, INC., a Delaware Corp., SHALE
ROYALTIES 22, INC., a Delaware Corp., PROVIDENT
OPERATING COMPANY, LLC, a Texas Limited Liability
Company, SOMERSET LEASE HOLDINGS, INC., a Texas
Corp., and SOMERSET DEVELOPMENT, INC., a Texas
Corp.**

**RELIEF DEFENDANTS.**

**COMPLAINT**

Civil No.:

**3 - 09CV1238 - L**

---

Plaintiff Securities and Exchange Commission alleges:

### BACKGROUND

1.      From approximately September 2006 until January 2009, Provident Royalties, LLC ("Provident") solicited investments and sold preferred stock through a series of fraudulent private placement offerings.  Provident raised approximately $485 million from at least 7,700 investors nationwide.  Provident promised high returns and misrepresented how investor funds would be used.  Although a portion of the proceeds of the offerings were used for the acquisition and development of oil and gas exploration and development activities, investor funds were also commingled and investor funds raised in later offerings were used to pay "dividends" and "returns of capital" to earlier Provident investors.

2.      Provident and its principals made material misrepresentations to investors in order to induce individuals to purchase preferred stock or limited partnership interests in the Provident private placement offerings.  Investors were told that 86 percent of their funds would be placed in oil and gas investments.  That representation was false.  Investors were not told that their funds would be commingled with funds derived from the other private placement offerings and that the proceeds from later private placement offerings would be used to pay promised returns to earlier investors.

3.      By the conduct detailed in this Complaint, Defendants, except Paul R. Melbye, violated Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] and all Defendants violated Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].  Unless enjoined, Defendants are likely to commit such violations again.  The Relief Defendants hold assets funds, or other properties derived from the fraudulent offering and should be required to disgorge those assets.

2

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over this action under Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)] and Section 27 of the Exchange Act [15 U.S.C. § 78aa].

5.      Defendants, directly or indirectly, used the means or instruments of interstate commerce, the mails, or the facilities of a national securities exchange in connection with the acts described herein.

6.      Venue is proper under Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)] and Section 27 of the Exchange Act [15 U.S.C. § 78aa] because certain of the transactions, acts, practices, and courses of business occurred within this judicial district.

## DEFENDANTS

7.      **Provident Royalties, LLC ("Provident")** is a Delaware limited liability company with its principal office in Dallas, Texas.  Provident is owned by three entities.  The majority of the interests in Provident are held by two companies, which include WPCO, LLC an affiliate of Paul R. Melbye and HHBC Enterprise LP, an affiliate of Brendan W. Coughlin ("Coughlin") and Henry D. Harrison ("Harrison").  Provident was to acquire a combination of producing and non-producing sub-surface mineral interests, working interests and production payments in real property located within the United States.  Provident is a beneficial owner in each of the numerous affiliated entities which offered and sold preferred stock or limited partnership interests to investors.  Provident is not registered with the Commission.

8.      **Provident Asset Management, LLC ("PAM")** is a Delaware limited liability company which has been registered with the Commission as a broker-dealer since March 9, 2004.  Coughlin and Harrison are the principals of PAM.  PAM's principal office is in Dallas, Texas.

9.      **Provident Rule 506 Entities** are a series of business entities through which Provident and PAM raised funds from investors.  All of the entities maintain their headquarters in Provident's offices in Dallas, Texas.  The entities, an estimate of funds raised and the approximate number of investors is as follows:

(a) **Provident Energy 1, LP** is a Texas limited partnership which raised approximately $7.2 million from 131 investors.

(b)      **Provident Resources 1, LP** is a Texas limited partnership which raised approximately $9.1 million from 214 investors.

(c)      **Provident Energy 2, LP** is a Texas limited partnership which raised approximately $25.9 million from 498 investors.

(d)      **Provident Energy 3, LP** is a Texas limited partnership which raised approximately $120,000 from four investors.

(e)      **Shale Royalties II, Inc.**, is a Delaware corporation which raised approximately $9.7 million from 177 investors.

(f)      **Shale Royalties 3, LLC** is a Texas limited liability company which raised approximately $20 million from  339 investors.

(g)      **Shale Royalties 4, Inc.,** is a Delaware corporation which raised approximately $27.4 million from 487 investors.

(h)      **Shale Royalties 5, Inc.,** is a Delaware corporation which raised approximately $29.94 million from 499 investors.

(i)      **Shale Royalties 6, Inc.,** is a Delaware corporation which raised approximately $27.4 million from 493 investors.

(j)      **Shale Royalties 7, Inc.,** is a Delaware corporation which raised

approximately $31.3 million from 494 investors.

(k)     **Shale Royalties 8, Inc.,** is a Delaware corporation which raised approximately $31.8 million from 497 investors.

(l)     **Shale Royalties 9, Inc.,** is a Delaware corporation which raised approximately $33.2 million from 499 investors.

(m)     **Shale Royalties 10, Inc.,** is a Delaware corporation which raised approximately $29.1 million from 496 investors.

(n)     **Shale Royalties 12, Inc.,** is a Delaware corporation which raised approximately $34.9 million from 488 investors.

(o)     **Shale Royalties 14, Inc.,** is a Delaware corporation which raised approximately $31.1 million from 446 investors.

(p)     **Shale Royalties 15, Inc.,** is a Delaware corporation which raised approximately $27.5 million from 458 investors.

(q)     **Shale Royalties 16, Inc.,** is a Delaware corporation which raised approximately $31.2 million from 466 investors.

(r)     **Shale Royalties 17, Inc.,** is a Delaware corporation which raised approximately $30.5 million from 492 investors.

(s)     **Shale Royalties 18, Inc.,** is a Delaware corporation which raised approximately $24.4 million from 306 investors.

(t)     **Shale Royalties 19, Inc.,** is a Delaware corporation which raised approximately $12.2 million from 194 investors.

(u)     **Shale Royalties 20, Inc.,** is a Delaware corporation which raised approximately $6.8 million from 91 investors.

10.    **Paul R. Melbye ("Melbye"),** 44, a Dallas, Texas resident, is a founder and manager of Provident.  Melbye is a principal of each Provident Rule 506 Entity, and is the principal in charge of operations for Provident.  Melbye was a control person of Provident

11.    **Brendan W. Coughlin ("Coughlin"),** age 43, a Dallas, Texas resident, is a founder and manager of Provident.  Coughlin is also a managing partner of PAM, and a principal of each Provident Rule 506 Entity.

12.    **Henry D. Harrison ("Harrison"),** age 44, a Dallas, Texas resident, is a founder and manager of Provident.  Harrison is also a managing partner of PAM, and a principal of each Provident Rule 506 Entity.

### RELIEF DEFENDANTS

13.    **Somerset Lease Holdings, Inc. ("Somerset")** is a Texas corporation and is a wholly-owned subsidiary of Provident.  It was established to primarily hold properties owned by certain of the Provident Rule 506 Entities including Shale Royalties II, Inc., Shale Royalties 3, LLC, Shale Royalties 4, Inc., Provident Energy 1, LP, and Provident Resources 1, LP.

14.    **Somerset Development, Inc. ("Development")** is a Texas corporation and is a wholly-owned subsidiary of Provident.  It was established to hold properties owned by certain of the Provident Rule 506 Entities.

15.    **Provident Operating Company, LLC,** is a Texas limited liability company, is a wholly-owned subsidiary of Provident and is used for well operations.

16.    **Shale Royalties 21, Inc.,** is a Delaware corporation which received approximately $15,000 in seed money from Provident.

17.    **Shale Royalties 22, Inc.,** is a Delaware corporation which received approximately $15,000 in seed money from Provident.

## STATEMENT OF FACTS

18.     Beginning in or about September 2006, Provident began a series of offerings by 21 affiliated corporations and limited partnerships which offered and sold limited partnership interests or preferred stock to the public through a number of broker-dealers nationwide.

19.     Provident is a company which holds oil and gas interests, working interests and royalty interests in oil and gas properties in the United States.

20.     The Provident Rule 506 Entities each claimed an exemption from the registration of its securities pursuant to Rule 506 of Regulation D of the federal securities laws.

21.     The Provident Rule 506 Entities denominated as Shale Royalties, Inc., numbered II through 20, offered two series of non-convertible redeemable cumulative preferred stock. Each share of stock was offered for $5,000 through a Private Placement Memorandum.

22.     At the outset of the Rule 506 offerings by Provident, dividends on each share of Series A preferred stock were to accrue at the rate of 1.5% per month.  Dividends on each share of Series B preferred stock were to accrue at the rate of 1.25% per month.

23.  Provident Energy 1, Provident Energy 2 and Provident Energy 3 offered $5000 units with a minimum investment of $25,000.  The PPMs for these entities provided that "the limited partners and investor general partners will receive 95% of net cash flow until payback.  After payback, the investors will receive 50% of net cash flow."

24.  Provident Resources 1, LP offered $5000 units with a minimum investment of $25,000.  The PPM for this entity provided that "purchasers of units in the partnership will participate in profits and losses and distributions as follows:  85% to the Investor Partners before

Payout and 15% to the Managing Partner before Payout, 30% to the Investor Partners after

Payout and 65% to the Managing partner after payout and 5% Okoboji Financial after Payout.

25.    At some point in time, Provident reduced the amount payable for dividends on

Series A preferred stock to 1.375% and on Series B preferred stock to 1.167%. At the same

time, the PPMs for these Provident Rule 506 Entities changed the terms to 48 months for Class A

Preferred Shares and 36 months for Class B Preferred Shares.

26.  Dividends were to be paid four months in arrears, and then monthly on the last day of

each month.

27.  Series A preferred stock was redeemable at the end of 24 or 36 months and Series B

preferred stock at the end of 24 months.

28.    Other affiliated entities of Provident with Rule 506 offerings included Provident

Energy 1, LP, Provident Energy 2, LP, Provident Energy 3, LP, and Provident Resources 1, LP.

These entities offered limited partnership interests on substantially the same terms as the other

Provident Rule 506 Entities.

29.    The offerings by the Provident Rule 506 Entities were virtually identical in their

terms, had the same investment purpose, and took place continuously over a 30 month period.

The periods of many of the offerings overlapped others.

30.  Provident limited each offering to 500 investors and to varying dollar amounts, and

as an offering would approach one of those limits, the next Provident Rule 506 Entity would be

created.

31.    The Rule 506 preferred stock was underwritten by PAM on a best efforts basis as

a managing dealer under a placement agreement with each Rule 506 Entity.

32.    PAM made some direct retail sales of securities through the Rule 506 offerings.

33.    PAM solicited retail broker-dealers to enter into placement agreements for each Rule 506 offering, and those retail broker-dealers sold the stock of the Provident Rule 506 to retail investors nationwide.

34.    Provident deposited the proceeds from the offerings into a bank account for the Provident Rule 506 Entity in which the investor purchased stock or a limited partnership interest.

35.    Prior to July 2008, money moved freely from one Provident Rule 506 Entity account to another as required for the payment of dividends or to fund operations.

36.    After July 2008, invested funds were initially deposited into the account for the Provident Rule 506 Entity in which the investor purchased securities and then was swept into one of Provident's operating accounts.

37.    During the period of the offerings by the Provident Rule 506 Entities, the offerings raised approximately $485 million from more than 7,700 investors.

38.    None of the Provident Rule 506 Entities had audited financial statements.

39.    Provident announced that it would cease accepting new investors into any of the open Rule 506 offerings on or about January 22, 2009.

40.    Provident suspended dividend payments for all of the Rule 506 Entities on or about January 29, 2009.  Provident has not paid any dividends since that date.

41.    In its offering documents for the Provident Rule 506 Entities and communications with investors, Provident represented the following:

(i)    Investors were told that their investment would be used by each Individual Provident Rule 506 Entity to purchase oil and gas assets for that corresponding entity.

(ii)    The proceeds of each offering were to be deposited into an account of the corporation and become assets of the corporation.

(iii)    Typically, investors were told that approximately 86% of the subscription proceeds were to be allocated to oil and gas investments.

(iv)    Dividends were to be paid from revenues, primarily from the sale of assets.

42.    Investors were told by Provident representatives that the proceeds of one Rule 506 offering would not be used for the payment of dividends in another offering.

43.    Investors were not told, and the Private Placement Memoranda do not disclose, that their investments would be used to pay earlier investors their dividends and return of principal, rather than being invested in oil and gas assets.

44.    Investors would have found it important to know that their funds were not being invested as represented in the Rule 506 offering materials and that their funds were being used to repay earlier investors.

45.    Melbye, Harrison and Coughlin knew, or were reckless in not knowing that that Provident did not have sufficient revenues to pay investors their dividends.

46.    Melbye, Harrison and Coughlin were officers, directors or managers of the Provident Rule 506 Entities and were signatories in the bank accounts of those entities.

47.    Melbye, Coughlin and Harrison knew, or were reckless in not knowing, that the Provident Rule 506 Entities did not have a successful track record of earning sufficient revenues to pay investors or to redeem the preferred stock without raising capital from additional investors.

## FIRST CLAIM

### FRAUD IN CONNECTION WITH THE PURCHASE OR SALE OF SECURITIES
Violations of Exchange Act Section 10(b) [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5
[17 C.F.R. § 240.10b-5]

48.    The Commission realleges paragraphs 1 through 47.

49.    Defendants, with scienter, by use of the means or instrumentalities of interstate commerce or of the mails, in connection with the purchase or sale of securities: (i) employed devices, schemes, or artifices to defraud; (ii) made untrue statements of material fact or omissions to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and/or (iii) engaged in acts, practices or courses of business that operated or would operate as a fraud or deceit.

50.    Defendants representations and omissions were material.

51.    By reason of the actions alleged herein, Defendants violated Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5].

## SECOND CLAIM

### EMPLOYMENT OF A DEVICE, SCHEME OR ARTIFICE TO DEFRAUD
### Violation of Section 17(a)(1) of the Securities Act [15 U.S.C. § 77q(a)(1)]

52.    The Commission realleges and incorporates by reference the allegations contained in Paragraphs 1 though 47, above.

53.    Defendants, except Melbye, and each of them, by engaging in conduct described in Paragraphs 1 though 47, above, directly or indirectly, in the offer or sale of securities, by the use of the means or instruments of transportation or communication in interstate commerce or by use of the mails, with scienter, employed devices, schemes, or artifices to defraud.

54.    By reason of the foregoing, Defendants, except Melbye , and each of them, directly or indirectly, violated, and unless restrained and enjoined by this Court, will continue to violate Section 17(a)(1) of the Securities Act [15 U.S.C. § 77q(a)(1)].

## THIRD CLAIM

### FRAUD IN THE OFFER AND SALE OF SECURITIES

**Violations of Section 17(a)(2) and (3) of the Securities Act [15 U.S.C. § 77q(a)(2) and (3)]**

55.     The Commission realleges and incorporates by reference the allegations contained in Paragraphs 1 though 47, above.

56.     Defendants , and each of them, except Melbye, by engaging in the conduct described in Paragraphs 1 through 47, above, directly and indirectly, in the offer and sale of securities, by the use of the means or instruments of transportation or communication in interstate commerce or by use of the mails, obtained money or property by means of untrue statements of material fact or by omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, and engaged in transactions, practices, or courses of business which operate or would operate as a fraud or deceit upon the purchaser.

57.     By reason of the foregoing, Defendants, except Melbye, and each of them, directly or indirectly, violated, and unless restrained and enjoined will continue to violate, Section 17(a)(2) and 17(a)(3) of the Securities Act [15 U.S.C. §§ 77q(a)(2) and 77q(a)(3)].

## FOURTH CLAIM

### UNJUST ENRICHMENT

58.     The Commission realleges and incorporates by reference the allegations contained in Paragraphs 1 though 47, above.

59.     As a result of the unlawful conduct of Defendants, Relief Defendants have thus been unjustly enriched, and it would be unjust and inequitable for them to retain those funds and/or property.

## **REQUEST FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

### **I.**

Issue findings of fact and conclusions of law that the Defendants committed the violations charged herein.

### **II.**

Issue in a form consistent with Rule 65(d) of the Federal Rules of Civil Procedure orders that preliminarily and permanently enjoin Defendants, except Melbye, and their officers agents, servants, employees, attorneys, and accountants, and those persons in active concert or participation with any of them, who receive actual notice of the order by personal service or otherwise, and each of them, from engaging in transactions, acts, practices, and courses of business described herein, and from engaging in conduct of similar purport and object in violation of Section 17(a) of the Securities Act, and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

### **III.**

Issue in a form consistent with Rule 65(d) of the Federal Rules of Civil Procedure orders that preliminarily and permanently enjoin Melbye as a control person under Section 20(a) of the Exchange Act, and his officers, agents, servants, employees, attorneys, and accountants, and those persons in active concert or participation with any of them, who receive actual notice of the order by personal service or otherwise, and each of them, from engaging in transactions, acts, practices, and courses of business described herein, and from engaging in conduct of similar purport and object in violation of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

## IV.

Issue, in a form consistent with Rule 65(d) of the Federal Rules of Civil Procedure, orders that temporarily, preliminarily and permanently enjoin Defendants and Relief Defendants, and their officers, agents, servants, employees, attorneys, and accountants, and those persons in active concert or participation with any of them, who receive actual notice of the order by personal service or otherwise, and each of them, from: (A) transferring, changing, wasting, dissipating, converting, concealing, or otherwise disposing of, in any manner, any funds, assets, claims, or other property or assets owned or controlled by, or in the possession or custody of these Defendants and/or Relief Defendants; and (B) transferring, assigning, selling, hypothecating, or otherwise disposing of any assets of Provident, PAM, the Provident Rule 506 Entities, Melbye, Coughlin or Harrison.

## V.

Issue in a form consistent with Rule 65(d) of the Federal Rules of Civil Procedure orders that temporarily, preliminary and permanently restrain and enjoin Defendants, and each of them, and their officers, agents, servants, employees, attorneys, and accountants, and those persons in active concert or participation with any of them, who receive actual notice of the order by personal service or otherwise, and each of them, from destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, books, records, computer programs, computer files, computer printouts, correspondence, including e-mail, whether stored electronically or in hard-copy, memoranda, brochures, or any other documents of any kind that pertain in any manner to the business of the Defendants.

## VI.

Bar defendants Coughlin, Harrison and Melbye from serving as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, as amended [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d of the Exchange Act [15 U.S.C. § 78o(d)].

## VII.

Enter an order directing Defendants, except Melbye, and each of them, to pay civil money penalties pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act. Enter an order directing Melbye to pay civil money penalties pursuant to Section 21(d)(3) of the Exchange Act

## VIII.

Enter an order directing Defendants to disgorge all ill-gotten gains received during the period of violative conduct and pay prejudgment interest on such ill-gotten gains.

## IX.

Declare and impose a constructive trust on all property received by Relief Defendants and require them to disgorge the property they obtained from Defendants as a result of the illegal conduct alleged herein.

## X.

Grant such further equitable relief as this Court deems just, appropriate, and necessary, including, but not limited to, a freeze of assets and the acceleration of discovery, including the forthwith production of documents.

## XI.

Retain jurisdiction of this action in accordance with the principles of equity and the Federal Rules of Civil Procedure in order to implement and carry out the terms of all

orders and decrees that may be entered, or to entertain any suitable application or motion for

additional relief within the jurisdiction of this Court.

Dated this 1st day of July, 2009.

Respectfully submitted,

Thomas M. Melton (Utah Bar No. 4999)
meltont@sec.gov
Karen L. Martinez (Utah Bar No. 7914)
martinezk@sec.gov
Paul N. Feindt (Utah Bar No. 8769)
feindtp@sec.gov
Attorneys for Plaintiff
Securities and Exchange Commission
15 West South Temple, Suite 1800
Salt Lake City, Utah 84101
Tel.  801-524-5796
Fax  801-524-5262

Local Counsel
Toby M. Galloway (Texas Bar No. 00790733)
gallowayt@sec.gov
Securities and Exchange Commission
Burnett Plaza, Suite 1900
801 Cherry Street, Unit 18
Fort Worth, Texas 76102
Tel. 817-978-6447
Fax  817-978-4927

JS 44
(Rev. 3/99)

ORIGINAL

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFF**

SECURITIES AND EXCHANGE COMMISSION



RECEIVED
BY _____
JUL - 1 2009
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**DEFENDANTS**

PROVIDENT ROYALTIES, LLC, a Delaware Limited Liability Company, PROVIDENT ASSET MANAGEMENT, LLC, a Delaware Limited Liability Company, PROVIDENT ENERGY 1, LP, a Texas Limited Partnership, PROVIDENT RESOURCES 1, LP, a Texas Limited Partnership, PROVIDENT ENERGY 2, LP, a Texas Limited Partnership, PROVIDENT ENERGY 3, LP, a Texas Limited Partnership, SHALE ROYALTIES II, INC., a Delaware Corp., SHALE ROYALTIES 3, LLC, a Texas Limited Liability Company, SHALE ROYALTIES 4, INC., a Delaware Corp., SHALE ROYALTIES 5, INC., a Delaware Corp., SHALE ROYALTIES 6, INC., a Delaware Corp., SHALE ROYALTIES 7, INC., a Delaware Corp., SHALE ROYALTIES 8, INC., a Delaware Corp., SHALE ROYALTIES 9, INC., a Delaware Corp., SHALE ROYALTIES 10, INC., a Delaware Corp., SHALE ROYALTIES 12, INC., a Delaware Corp., SHALE ROYALTIES 14, INC., a Delaware Corp., SHALE ROYALTIES 15, INC., a Delaware Corp., SHALE ROYALTIES 16, INC., a Delaware Corp., SHALE ROYALTIES 17, INC., a Delaware Corp., SHALE ROYALTIES 18, INC., a Delaware Corp., SHALE ROYALTIES 19, INC., a Delaware Corp., SHALE ROYALTIES 20, INC., a Delaware Corp., PAUL R. MELBYE, BRENDAN W. COUGHLIN, and HENRY D. HARRISON,

**RELIEF DEFENDANTS**

SHALE ROYALTIES 21, INC., a Delaware Corp., SHALE ROYALTIES 22, INC., a Delaware Corp., PROVIDENT OPERATING COMPANY, LLC, a Texas Limited Liability Company, SOMERSET LEASE HOLDINGS, INC., a Texas Corp., and SOMERSETP DEVELOPMENT, INC., a Texas Corp.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF_____
(EXCEPT IN U.S. PLAINTIFF CASES)

**County of Residence of First Listed Defendant**: Dallas
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEY (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Thomas M. Melton
U.S. Securities & Exchange Commission,
15 W. South Temple, Suite 1800
Salt Lake City, Utah
(801) 524-5796

ATTORNEYS (If known):
Lee Polson, Esq.
Strasburger & Price, LLP
600 Congress Avenue, Suite 1600
Austin, Texas 78701
(Attorney for Provident Asset Management, LLC, Henry D. Harrison and Brendan W. Coughlin)

Theodore Sonde
Patton Boggs LLP
2550 M Street, NW
Washington, DC 20037
(Attorney for Provident Royalties, LLC, Provident Energy 1, LP, Provident Resources 1, LP, Provident Energy 2, LP, Provident Energy 3, LP, Shale Royalties II, Inc. Shale Royalties 3, LP, Shale Royalties 4, Inc., Shale Royalties 5, Inc., Shale Royalties 6, Inc., Shale Royalties 7, Inc. Shale Royalties 8, Inc., Shale Royalties 9, Inc. Shale Royalties 10, Inc., Shale Royalties 12, Inc., Shale Royalties 14, Inc., Shale Royalties 15, Inc., Shale Royalties16, Inc., Shale Royalties 17, Inc., Shale Royalties 18, Inc., Shale Royalties 19, Inc., Shale Royalties 20, Inc., Shale Royalties 21, Inc., Shale Royalties 22, Inc., Provident Operating Company, LLC, Somerset Lease Holdings, Inc., Somerset Development, Inc. )

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

| | PTF | PTF | | PTF | PTF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

**TORTS**
PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability
PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other
**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 156
☐ 423 Withdrawal 28 USC 157
**PROPERTY RIGHTS**
☐ 820 Copy rights
☐ 830 Patient
☐ 840 Trademark
**SOCIAL SECURITY**
☐ 861 HIA (1395FF)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))
**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☒ 850 Securities Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened

Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 and Section 10(b) of the Securities Exchange Act of 1934, [15 U.S.C. §§ 77e(a), 77e(c) 77q(a) and 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23
26 USC 7609
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND ☐ YES ☒ NO

## VIII. RELATED CASE(S) (See Instructions):
IF ANY    JUDGE ___    DOCKET NUMBER ___

DATE 7/1/2009    SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
Receipt # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___