**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>PLAINTIFF,<br><br>v.<br><br>PROVIDENT ROYALTIES, LLC, a Delaware Limited Liability Company, PROVIDENT ASSET MANAGEMENT, LLC, a Delaware Limited Liability Company, PROVIDENT ENERGY 1, LP, a Texas Limited Partnership, PROVIDENT RESOURCES 1, LP, a Texas Limited Partnership, PROVIDENT ENERGY 2, LP, a Texas Limited Partnership, PROVIDENT ENERGY 3, LP, a Texas Limited Partnership, SHALE ROYALTIES II, INC., a Delaware Corp., SHALE ROYALTIES 3, LLC, a Texas Limited Liability Company, SHALE ROYALTIES 4, INC., a Delaware Corp., SHALE ROYALTIES 5, INC., a Delaware Corp., SHALE ROYALTIES 6, INC., a Delaware Corp., SHALE ROYALTIES 7, INC., a Delaware Corp., SHALE ROYALTIES 8, INC., a Delaware Corp., SHALE ROYALTIES 9, INC., a Delaware Corp., SHALE ROYALTIES 10, INC., a Delaware Corp., SHALE ROYALTIES 12, INC., a Delaware Corp., SHALE ROYALTIES 14, INC., a Delaware Corp., SHALE ROYALTIES 15, INC., a Delaware Corp., SHALE ROYALTIES 16, INC., a Delaware Corp., SHALE ROYALTIES 17, INC., a Delaware Corp., SHALE ROYALTIES 18, INC., a Delaware Corp., SHALE ROYALTIES 19, INC., a Delaware Corp., SHALE ROYALTIES 20, INC., a Delaware Corp., PAUL R. MELBYE, BRENDAN W. COUGHLIN, and HENRY D. HARRISON,<br><br>DEFENDANTS,<br>and<br><br>SHALE ROYALTIES 21, INC., a Delaware Corp., SHALE ROYALTIES 22, INC., a Delaware Corp., PROVIDENT OPERATING COMPANY, LLC, a Texas Limited Liability Company, SOMERSET LEASE HOLDINGS, INC., a Texas Corp., and SOMERSET DEVELOPMENT, INC., a Texas Corp.<br><br>RELIEF DEFENDANTS. | Civil No. 3:09-CV-1238-L |

**Memorandum Opinion and Order - Page 1**

## **MEMORANDUM OPINION AND ORDER**

Before the court are (1) Strasburger & Price, LLP's Motion to Intervene; and (2) Strasburger & Price, LLP's Motion for Reconsideration of the Agreed Order Continuing the Preliminary Injunction Hearing, both filed July 22, 2009. After careful consideration of the motions, briefs, responses, record, and applicable law, the court **denies** Strasburger & Price, LLP's Motion to Intervene, and **denies** Strasburger & Price, LLP's Motion for Reconsideration of the Agreed Order Continuing the Preliminary Injunction Hearing.

**I.   Background**

Strasburger & Price, LLP ("Strasburger") is not a party to this case. On March 5, 2009, Strasburger was retained by Defendants Provident Asset Management, LLC ("PAM"), Brendan W. Coughlin ("Coughlin"), and Henry D. Harrison ("Harrison") for representation concerning an inspection of PAM by the Office of Compliance and Inspections of the U.S. Securities and Exchange Commission. As a condition to their engagement contract, PAM, Coughlin, and Harrison tendered to Strasburger a combined $250,000, of which Strasburger contends $129,528.06 constitute earned legal fees.

The Securities and Exchange Commission ("SEC") filed suit against Defendants in this case on July 1, 2009, alleging violations of the Securities Exchange Act. On July 2, 2009, the court entered an order that appointed a Receiver and froze the assets of Defendants, including PAM, Couglin, and Harrison. On July 17, 2009, the court subsequently entered an order that directed Strasburger to return the entire $250,000 amount it received. Strasburger now moves for intervention to assert an interest in the $129,528.06 that Strasburger contends it earned for providing legal services.

## II. Strasburger's Motion to Intervene

Strasburger contends that it is entitled to intervene as a matter of right pursuant to Rule 24(a)(2), or alternatively to intervene permissively pursuant to Rule 24(b). To intervene under Rule 24(a)(2), the following four requirements must be satisfied: (1) the movant must timely file a motion; (2) the movant must claim an interest in the property or transaction that is the subject of the action; and (3) the movant must show that disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest; and (4) the movant's interest must not be adequately represented by existing parties to the litigation. *See* Fed. R. Civ. P. 24(a)(2); *Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005). The failure to satisfy any one requirement is sufficient to defeat intervention; however, "intervention of right must be measured by a practical rather than technical yardstick." *Id.*

The SEC does not dispute that Strasburger's motion to intervene is timely, that Strasburger's property interest concerns a transaction at the subject of this action, or that Strasburger's interest is not adequately represented by existing parties to the litigation. As to the remaining requirement, however, that disposition of the action may as a practical matter impair or impede Strasburger's ability to protect that interest, the SEC contends that Strasburger has fallen short. The court agrees.

With respect to the third requirement, that the movant must show that disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, at this stage of the case the Receiver is merely marshaling the property of Defendants. Before the Receiver creates a distribution plan, Strasburger will have an opportunity to make a claim for the funds to which it contends it is entitled. Prior to

approving the Receiver's distribution plan, the court will seek objections to the plan. Strasburger will therefore have an opportunity to object to the distribution. Accordingly, Strasburger is unable to establish that the disposition of this action will impair or impede its ability to protect its interests.

The court further determines that granting Strasburger permissive intervention under Rule 24(b) would unnecessarily complicate this lawsuit and delay the SEC's statutory charge to enjoin fraud. In light of the foregoing, the court determines that Strasburger is not entitled to intervene in this action as a matter of right under Rule 24(a)(2), and is not entitled to permissive intervention under Rule 24(b). The court accordingly **denies** Strasburger & Price, LLP's Motion to Intervene.

Because the court has denied Strasburger's motion to intervene, Strasburger remains a nonparty to this lawsuit and has no standing to file a motion to reconsider. Accordingly, the court **denies** Strasburger & Price, LLP's Motion for Reconsideration of the Agreed Order Continuing the Preliminary Injunction Hearing.

**It is so ordered** this 5th day of January, 2010.

Sam A. Lindsay
United States District Judge