ORIGINAL

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2010 JAN 26 PM 4: 28
DEPUTY CLERK RR

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 09-37744-HDH |
| | § | |
| J2 INVESTMENTS, LLC, *et al.*, | § | Chapter 11 |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |
| SECURITIES AND EXCHANGE COMMISSION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil No. 3-09-CV-1238-L |
| v. | § | |
| | § | |
| PROVIDENT ROYALTIES, LLC, *et al.*, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| SHALE ROYALTIES 21, INC., *et al.*, | § | |
| | § | |
| Relief Defendants. | § | |

**BANKRUPTCY COURT'S REPORT AND RECOMMENDATION
ON U. S. TRUSTEE'S MOTION TO DISMISS**

Before the Bankruptcy Court is the *Motion to Dismiss* [Docket No. 87] (the "Motion") filed by the United States Trustee (the "UST"). The Motion was supported by *The Securities and Exchange Commission's Statement in Support of Motion to Dismiss* [Docket No. 89] (the "SEC Statement") filed by the Unites States Securities and Exchange Commission (the "SEC") and the *Receiver's Statement in Support of the Motion to Dismiss* [Docket No. 97] (the "Receiver Statement" and together with the SEC Statement, the "Support Statements") filed by Dennis L. Roossien, Jr. (the "Receiver"), the duly-appointed receiver in *SEC v. Provident Royalties, LLC, et al.*, Case No 3-09-CV-1238-L (the "District Court Case"), which is pending before the United

States District Court for the Northern District of Texas, the Honorable Sam A. Lindsay presiding (the "District Court"). Having considered the Motion, the Support Statements, the representations and arguments of counsel, and having determined that the legal and factual bases set forth in the Motion and the Support Statements establish just cause to grant the relief requested, the Bankruptcy Court makes the following report and recommendations:

1. Notice of the Motion was reasonable and sufficient under the circumstances and no other notice need be provided.

2. On July 1, 2009, the SEC filed its *Complaint* (the "Complaint")[1] with the District Court, thereby commencing the District Court Case, alleging, among other things, that the defendants therein perpetrated a massive fraud through a classic Ponzi scheme and seeking, among other things, the appointment of a receiver over the property and the estates of certain "Defendants" and the "Relief Defendants" (as such parties are defined in the Complaint).

3. On July 2, 2009, the District Court entered its *Order Granting Temporary Restraining Order, Appointing Receiver, Freezing Assets, Staying Litigation, Prohibiting the Destruction of Documents and Accelerating Discovery* ("Order Appointing Receiver"), which, among other things, imposed a receivership (the "Receivership") over the Defendants and Relief Defendants in the District Court Case and appointed Dennis L. Roossien, Jr. as the Receiver.

4. On November 11, 2009, J2 Investments, LLC., Red River Operators and Carole Petroleum, LLC (collectively, the "Debtors"), each filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code.[2]

---

[1] The Complaint was supported by the SEC's *Memorandum of Law in Support of Motion for Ex Parte Order Freezing Assets and Other Emergency Relief, in Support of Motion to Appoint Receiver and Order to Show Cause Why a Preliminary Injunction Should Not Issue*, which was filed in the District Court Case on the same day as the Complaint.

[2] The Debtors include: J2 Investments, LLC, Case No. 09-37744; Red River Operators, LLC, Case No. 09-37745; and Carole Petroleum, LLC, Case No. 09-37746 (collectively, the "Bankruptcy Cases").

5. On December 3, 2009, the SEC filed its amended complaint in the District Court Case (the "Amended Complaint"), alleging, among other things, that the Debtors and Joseph Blimline ("Blimline"), the individual who controlled and operated the Debtors, were a part of the massive Ponzi scheme that prompted the SEC to file the Complaint. On the same day, the District Court entered an order that, among other things, froze the assets of the Debtors and Blimline, and expanded the Receivership to include the Debtors.

6. On December 21, 2009, the UST filed the Motion in the Bankruptcy Cases.

7. Because of the inclusion of the Debtors in the Receivership, the Bankruptcy Court is of the opinion that judicial economy and the interest of creditors and investors would be better served by the dismissal of the Bankruptcy Cases and for the District Court to consider the resolution or remand of any associated adversary proceedings (currently pending is adversary proceeding #09-03409, *McAluney v J2 Investments, LLC*). The District Court is the appropriate court to oversee the administration of the Debtors' assets and the equitable distribution of the Receivership proceeds.

8. Because of the blanket stay provisions contained in the Order Appointing Receiver, and the District Court's order entered January 25, 2010, modifying its injunction to allow the bankruptcy court to provide its report and recommendation, the Bankruptcy Court recommends that the District Court grant the United States Trustee's Motion to Dismiss, and withdraw the reference in adversary proceeding number 09-03409.

Dated: 1-26-10

Respectfully submitted,

_____
Harlin D. Hale
United States Bankruptcy Judge