IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | No. 3:09-CV-1238-L-BH |
| v. | § § | |
| PROVIDENT ROYALTIES, LLC., et al., | § § | |
| Defendants. | § | Pretrial Management |

## MEMORANDUM OPINION AND ORDER

Pursuant to a standing order of reference dated March 11, 2010, this case has been referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court is an *Amended Motion for More Definite Statement* ("Am. Mot."), filed by defendants Brendan W. Coughlin and Henry D. Harrison (collectively referred to as Movants for purposes of this order) on August 12, 2010 (doc. 227). Based on the relevant filings and applicable law, the motion is **DENIED**.

### I. BACKGROUND

On July 1, 2009, the Securities Exchange Commission ("SEC") filed this action against several business entities and three individuals, including the two Movants, to enforce Section 17(a) of the Securities Act of 1933 (codified at 15 U.S.C. § 77q(a)), Section 10(b) of the Securities Exchange Act of 1934 (codified at 15 U.S.C. § 78j(b)), and 17 C.F.R. § 240.10b-5 ("Rule 10b-5"). (*See generally* Compl., doc. 1.) The complaint lists five "relief defendants" who have received properties or cash from defendants. (Compl. ¶¶ 13-17.) On October 27, 2009, Movants filed an answer to the original complaint. (*See* Doc. 74.)

On December 3, 2009, the SEC filed an amended complaint asserting the same claims but

adding more relief defendants and another individual defendant, Joseph S. Blimline, as well as specific allegations against him. (*See generally* Am. Compl., doc. 85.) The SEC alleges that from approximately September 2006 through January 2009, Provident Royalties, LLC ("Provident") "solicited investments and sold preferred stock through a series of fraudulent private placement offerings." (*Id.* ¶ 1.) Provident and the individual defendants "made material misrepresentations to investors in order to induce individuals" to invest in the placement offerings. (*Id.* ¶¶ 2, 10-13.) The defendants allegedly engaged in fraud in connection with the offer, purchase, or sale of securities and employed a device, scheme, or artifice to defraud. (*Id.* ¶¶ 140-49 (Claims 1 through 3).) The amended complaint alleges that Movants engaged in knowing or reckless conduct in various respects. (*See id.* ¶¶ 72, 96, 98-99, 104-05, 120-24, 138.)

On July 26, 2010, Movants filed one document containing a motion for more definite statement, an answer to the amended complaint subject to that motion, and a motion for sanctions under Fed. R. Civ. P. 11. (*See generally* Doc. 211.) On August 5, 2010, they moved to withdraw the July 26, 2010 filing, to substitute a new amended answer, and for a more definite statement. (*See* Docs. 220-21.) After an August 11, 2010 telephone conference, the Court granted the motion to withdraw, denied the motion to substitute, denied the motion for more definite statement as moot, and granted Movants three days to electronically file an amended motion for more definite statement. (*See* Doc. 226.) Movants filed their amended motion (*see* Am. Mot.), the SEC has responded (*see* Pl.'s Resp., doc. 242), and Movants have filed a reply brief (*see* Reply, doc. 245).

## II. ANALYSIS

Movants move for a more definite statement pursuant to Fed. R. Civ. P. 12(e) on grounds that the amended complaint fails to plead fraud with particularity as required by Fed. R. Civ. P. 9(b).

(Am. Mot. at 1-2.)  In particular, they contend that the fraud claims now asserted against them (¶¶ 141, 145, and 148) are broad and ambiguous, and that the SEC has pled conclusory facts with respect to those claims.  (*Id.* at 2-3.)  They clarify in their reply brief that they primarily seek a more definite statement on grounds that they have been lumped together with other individual defendants in various paragraphs alleging that they "knew, or were reckless in not knowing" about certain alleged conduct.  (Reply at 2.)

Rule 12(e) allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed" if it is "so vague or ambiguous that the party cannot reasonably prepare a response."  Whether to grant a motion for more definite statement is within the Court's sound discretion.  *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998); *Travelers Indem. Co. of Conn. v. Presbyterian Healthcare Res.*, 313 F. Supp. 2d 648, 653-54 (N.D. Tex. 2004).  The party seeking a more definite statement has the burden to show a need for one.  *See El Chico Restaurants of Tex., Inc. v. Carroll*, No. 3:09-CV-2294-L, 2010 WL 2697293, at *4-5 (N.D. Tex. July 8, 2010); *Austin v. Hood Cnty.*, No. 3:06-CV-1997-D, 2007 WL 631278, at *4 (N.D. Tex. Mar. 1, 2007).

Rule 12(e) requires the motion to "be made before filing a responsive pleading."  However, when a plaintiff files an amended complaint, opposing parties may move for a more definite statement under Rule 12(e) even though they may have answered the original complaint.  5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1378 (3d ed.); *Ward v. City of Lancaster*, No. 3:09-CV-1794-D, 2010 WL 3582594, at *1 (N.D. Tex. Sept. 9, 2010) (noting a granted Rule 12(e) motion in similar circumstances).  A party may file a Rule 12(e) motion contemporaneously with an answer that is expressly subject to that motion.  *See Austin*, 2007 WL 631278, at *4 & n.5 (considering motion despite the contemporaneous answer).  Because a more

definite statement is warranted only when the responding party "cannot reasonably prepare a response", however, a contemporaneous answer may provide a sufficient basis to deny the motion. *See id.*

Because the same allegations in the amended complaint were also made in the original complaint, Movants' original answer shows that they can reasonably prepare a response. *See id.* The amended answer that was withdrawn also shows an ability to respond to the amended complaint, notwithstanding the withdrawal. Because Movants were able to file an answer to the same allegations in the original complaint as well as amended answer, they have not carried their burden to show that a more definite statement is warranted. *See id.* Their motion is denied.

### III. CONCLUSION

The *Amended Motion for More Definite Statement*, filed by defendants Brendan W. Coughlin and Henry D. Harrison on August 12, 2010, (doc. 227) is **DENIED**.

**SO ORDERED** on this 25th day of September, 2010.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE