IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:09-CV-1238-L |
| PROVIDENT ROYALTIES, L.L.C., et al., | § § § | |
| Defendants. | § § | |
| and | § § | |
| SHALE ROYALTIES 21, INC., et. al., | § § § | |
| Relief Defendants | § | |

**MEMORANDUM OPINION AND ORDER**

Pursuant to the *Standing Order of Reference* dated March 11, 2010, this case has been referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of facts and recommendations on dispositive motions. Before the Court is *Liquidating Trustee's Motion to Lift Stay of Proceedings Against Defendants Henry D. Harrison, Brendan W. Coughlin and Paul R. Melbye* (doc. 284), filed March 8, 2011. Based on the relevant filings and applicable law, the motion is **GRANTED**.

**I. BACKGROUND**

This is a securities fraud action brought by the Securities and Exchange Commission (the "SEC") against several business entities, including Provident Royalties, LLC ("Provident"), Shale Royalties II, Inc. ("Shale"), and several individuals, including Provident founders and managers Henry D. Harrison, Brendan W. Coughlin, Paul R. Melbye, and Joseph S. Blimline. (doc. 85.) The SEC has also joined several other business entities that received assets, funds, or other properties derived from the allegedly fraudulent offering as "relief defendants". (*Id.*) Dennis S. Roossien, Jr., has been appointed receiver for

the estates of Provident, Shale, and certain other defendants and relief defendants (collectively the "Receivership Defendants"), and the following proceedings have been stayed:

> All civil proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (a) the Receiver, in his capacity as Receiver; (b) any Receivership Property, wherever located; (c) any of the Receivership Defendants, including subsidiaries, or partnerships, or (d) any of the Receivership Defendants' past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise.

(*See* docs. 14, 83.) Further, any applicable statute of limitation has been tolled during the period in which the stay is in effect "as to a cause of action accrued or accruing in favor of one or more of the Receivership Defendants against a third person or party." (doc. 83.)

A related bankruptcy proceeding is pending. (*See* Case No. 09-33886, docs. 748, 860.) Roossien has been appointed the Chapter 11 Trustee for Provident, Shale, and several other business entities (collectively the "debtors") in that proceeding. Under the current consolidated plan for liquidation of the debtors' estates, Milo H. Segner has been appointed the liquidating trustee of the Provident Liquidating Trust and a representative of the debtors' estates and has been assigned certain causes of action, including the debtors' claims against their directors and officers for breach of their fiduciary duties. (*Id.*) The liquidating trustee now moves to lift the stay on litigation to allow him to pursue those claims against the directors and officers of the debtors, including Harrison, Coughlin, and Melbye. (doc. 284.) The receiver has agreed to the motion, the SEC does not oppose the motion, and Coughlin and Harrison ("Respondents") have jointly filed a response in opposition to the motion. (docs. 284, 298.) With a timely filed reply, the motion is now ripe for determination. (doc. 303.)

## II. ANALYSIS

"The federal courts have inherent equitable authority to issue a variety of 'ancillary relief'

2

measures in actions brought by the SEC to enforce the federal securities laws." *SEC v. Safety Fin. Serv., Inc.*, 674 F.2d 368, 372 (5th Cir. 1982) (quoting *SEC v. Wencke* ("*Wencke I*"), 622 F.2d 1363, 1369 (9th Cir. 1980)). To that end, a district court has broad authority to issue orders preventing interference with its administration of the receivership property, such as orders imposing blanket stays of litigation. *See Schauss v. Metals Depository Corp.*, 757 F.2d 649, 654 (5th Cir. 1983); *SEC v. Stanford Int'l Bank Ltd.*, 2011 WL 1758763, at *1 (5th Cir. 2011). "Such orders can serve as an important tool permitting a district court to prevent dissipation of property or assets subject to multiple claims in different locales" and to prevent "'piecemeal resolution of issues that call for a uniform result." *Schauss*, 757 F.2d at 654 (quoting *W. Gulf Mar. Assoc. v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985)). Further, "[a] receiver must be given a chance to do the important job of marshaling and untangling a company's assets without being forced into court by every investor or claimant." *United States v. Acorn tech. Fund, LP*, 429 F.3d 438, 443 (3rd Cir. 2003).

To determine whether to make an exception to a stay of proceedings, a court should consider: "'(1) whether refusing to lift the stay genuinely preserves the status quo or whether the moving party will suffer substantial injury if not permitted to proceed; (2) the time in the course of the receivership at which the motion for relief from stay is made; and (3) the merit of the moving party's underlying claim." *Stanford*, 2011 WL 1758763, at *2 (quoting *SEC v. Wencke* ("*Wencke II*"), 742 F.2d 1230, 1231 (9th Cir. 1984)). The issue under the test is not *if* but *when* during the course of a receivership should the stay be lifted and claims allowed to proceed because "at some point, persons with claims against the receivership should have their day in court." *Wencke II*, 742 F.2d at 1231.

**A. Status Quo vs. Substantial Injury**

The first factor balances the receiver's interests with those of the moving party. *Stanford*, 2011

WL 1758763, at *2 (citing *United States v. Acorn tech. Fund, LP*, 429 F.3d 438, 443 (3rd Cir. 2003)). When determining the receiver's broad interest in preserving the status quo, the court considers "not only protection of the receivership *res*, but also protection of defrauded investors and considerations of judicial economy." *Acorn Tech*, 429 F.3d at 443 (citing *SEC v. Universal Fin.*, 760 F.2d 1034, 1038 (9th Cir. 1985)). In determining the moving party's interests, the court considers whether the moving party will suffer substantial injury if not allowed to proceed. *Wencke II*, 742 F.2d at 1231.

Lifting the stay in this case will not disturb the status quo for three reasons. First, this motion has been approved by the receiver, who is in the best position to decided whether the liquidating trustee's litigation would interfere with the interests of the receivership. Second, there are no overarching concerns about duplicative lawsuits or inconsistent holdings. While this action asserts claims under the Securities Act of 1933 and the Securities Exchange Act based on the purchase, offer, or sale of securities, the proposed litigation seeks to assert claims for breach of fiduciary duties of care, good faith, and loyalty under state law based on allegations that Harrison, Coughlin, and Melbye allowed millions of dollars to be "loaned" with no expectation of repayment, purchased assets for many times market value, and received fraudulent transfer of property of the Provident debtors. Finally, because the liquidating trustee's litigation seeks to assert identical claims against other defendants not covered by the stay, the interests of judicial economy will be well-served by allowing the claims against Harrison, Coughlin, and Melbye to proceed in that same litigation. The fact that they face multiple lawsuits is irrelevant because the purpose of the receivership and the accompanying stay on litigation is to protect the interests of the defrauded investors and not their individual interests.

Also to be considered is whether the liquidating trustee will suffer substantial injury if not permitted to proceed with his claims. The liquidating trustee argues that the four-year statute of

4

limitations may bar his claims for breach of fiduciary duties because they are premised on acts or omissions beginning as early as 2007. (doc. 303, p. 3.) He fails, however, to address whether the statute of limitations on his claims has been tolled during the period the stay is in effect. The liquidating trustee also argues that the Provident Debtors' Directors & Officers Liability Policy (the "Policy") is the most viable source of recovery for the claims and is in danger of depletion, as almost $4 million of the $10 million have already been expended on defense costs in less than two years of litigation. (*Id.*, pp. 3-4.) Again, he does not adequately address Respondents' arguments that the Policy covers their defense before any other claims under a bankruptcy court order, and that allowing a second suit to proceed against them will simply erode the policy at an accelerated rate. (doc. 299, p. 7; doc. 303, p. 4.) Although the liquidating trustee has failed to make a persuasive case that he will suffer substantial injury if not allowed to proceed with his claims, on balance, the first factor weighs in favor of lifting the stay.

**B. Timing in the Course of the Receivership**

The second factor, timing in the course of the receivership, is fact specific, and takes into account "the number of entities, the complexity of the scheme, and any number of other factors." *Stanford*, 2011 WL 1758763, at *2 (citing *Wencke II*, 742 F.2d at 1231-32; *Universal Fin.*, 760 F.2d at 1039). A court may therefore lift or decline to lift a litigation stay anywhere from a few months to a few years into the receivership, depending on the particular circumstances of the case. *See e.g. Stanford*, 2011 WL 1758763, at *2 (upholding a stay one year into the receivership); *Universal Fin.*, 760 F.2d at 1039 (upholding a stay four years into the receivership); *SEC v. Stanford Int'l Bank, Ltd., Inc.*, Civil Action No. 3:09-CV-0298-N (N.D. Tex. May 6, 2011) (lifting a stay when the receivership was "relatively young" at "just over two years old"); *FTC v. 3R Bancorp*, 2005 WL 497784, at *3 (N.D. Ill. 2005) (upholding a stay because the receiver had little more than three months to unravel the "labyrinthine entanglements" of the receivership).

5

*But see Wencke II*, 742 F.2d at 1232 (holding that the district court abused its discretion by not lifting a stay in place for over seven years).

This receivership began in July 2009, almost two years ago. Since then, the receiver has marshaled almost all of the receivership assets and has proposed a plan of distribution, as evidenced by the receiver's sixth and seventh quarterly reports. (docs. 282, 312.) The receiver, moreover, acknowledges in his sixth quarterly report that "the receivership is moving toward a close." (doc. 282, p. 3.) Based on these facts, the timing factor weighs in favor of lifting the stay.

## C. Merit of the Claims

Under the third factor of the analysis, the moving party is not required to show that it is likely to prevail on the merits, only that it has "colorable" claims that justify lifting the stay. *Wencke II*, 742 F.2d at 1232. Here, the liquidating trustee's claims against Harrison, Coughlin, and Melbye appear meritorious on their face. In order to dispute their merit, Respondents make a two-step argument. (doc. 299, pp. 6-7.) They first argue that the Delaware Limited Liability Act allows members or managers to adopt provisions eliminating or limiting their liability for breach of fiduciary duties. (*Id.*) They then contend that Provident has adopted a provision limiting its officer's or manager's liability for any loss or damage sustained by the company, and that Shale has limited its directors' liability for breach of their fiduciary duties. (*Id.*) Upon close reading, however, the first provision makes an exception for "loss or damage resulting from intentional misconduct or knowing violation of law" and for a transaction for which the manager or officer received a personal benefit in violation of the provisions of Provident's Limited Liability Company Agreement. (*Id.*) The second provision, which may not be applicable because of its specific reference to directors, also makes exceptions for a director's breach of his duty of loyalty to the corporation or its stockholder, "for acts or omissions not in good faith or which involve intentional misconduct or a knowing

violation of law", for liability under § 174 of the Delaware General Corporation Law, and "for any transaction from which the director derived any improper personal benefit." (*Id.*, p. 4.) Given these exceptions, the liquidating trustee holds colorable claims against Harrison, Coughlin, and Melbye.

The three factors, considered together, justify lifting the stay to allow the liquidating trustee's claims to proceed against the Officers.

### III. CONCLUSION

*Liquidating Trustee's Motion to Lift Stay of Proceedings Against Defendants Henry D. Harrison, Brendan W. Coughlin and Paul R. Melbye* is **GRANTED**.

**SO ORDERED on this 7th day of July, 2011.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE