## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | § | |
| | § | |
| v. | § | Civil No. 3-09CV1238-L |
| | § | |
| PROVIDENT ROYALTIES, LLC, et al. | § | |

### RECEIVER'S FINAL REPORT AND
### MOTION FOR DISCHARGE

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Receiver Dennis L. Roossien, Jr. ("Receiver") files this final report and seeks a provisional discharge, respectfully stating:

### Final Report and Recommendations

1.      The Receiver has completed the supplemental claims process with regard to the Blimline Personal Assets, and the claims against the remaining frozen assets of Harrison and Coughlin have been resolved.  With this completed, the Receiver's work is essentially limited to serving as Plan Agent, and that work is controlled by the Provident Bankruptcy Plan.

2.      The Receiver believes that accordingly it is time to wind up and close the receivership estate.

3.      Attached are three Standard Fund Accounting Reports ("SFAR") (Exhibits 1-3) for the first two quarters of this year and the short-period of July.  The third SFAR is hypothetical, in part, as it reflects the proposed final cash position of the receivership estate if the Court approves this Motion and the Receiver's final fee application, tendered herewith.

RECEIVER'S FINAL REPORT AND MOTION FOR DISCHARGE - Page 1

4.      As shown in the SFARs, the Receiver made distributions to creditors and investors of nearly $7.5 million, these amounts being net of administrative expenses and various expenses associated with operating oil and gas assets.  The gross recovery was approximately $8.9 million.

5.      In addition, the parallel bankruptcy proceedings resulted in the establishment of the PR Liquidating Trust, which the Receiver, as Plan Agent, funded with approximately $25 million in cash.  The PR Liquidating Trust continues to grow these funds by successfully asserting claims against brokers, insiders, and other responsible parties.  The Receiver continues to closely cooperate with those and other parallel litigation efforts in his capacity as Plan Agent. Indeed, the recent litigation recoveries in the receivership were the result of parallel efforts by the Securities and Exchange Commission, the PR Liquidating Trust, FINRA and the Receiver. To date, the Receiver estimates that, in addition to the recoveries identified on the attached SFARs, the PR Liquidating Trust assets have more than doubled as a result of these efforts. These efforts will continue.  For further reports, interested parties should follow developments on the following website – www.prliquidatingtrust.com, as the Receiver will now be discontinuing the Provident Royalties website.

### Provisional Discharge Subject to the Following Tasks

6.      The Receiver proposes to take the following steps to wind up his work:

7.      First, the Receiver will distribute the remaining funds that have already been allocated by this Court for transmission to the PR Liquidating Trust and pay any approved administrative expenses.

RECEIVER'S FINAL REPORT AND MOTION FOR DISCHARGE - Page 2

8.      Second, the Receiver will discharge his duties as Plan Agent according to the terms of the Plan approved in the Provident Bankruptcy Proceedings.  The Court will recall that the Receiver was jointly appointed as Receiver and Chapter 11 Trustee with regard to the Provident bankruptcy cases (see Stipulation Approving Protocol, Dkt. 59).  A liquidating plan was approved by the Bankruptcy Court and became effective June 22, 2010 (see Fourth Interim Report, Dkt. 217, at 3).  Pursuant to the Plan, the Chapter 11 Trustee appointment was dissolved and the more limited role of Plan Agent was created (*id.*).  The Plan provides various duties and responsibilities for the Plan Agent, including holding certain funds with regard to disputed creditor claims, prosecuting certain litigation, and cooperating with the Liquidating Trustee.  The Plan provides for the Plan Agent to resign when his duties are at an end.  The Receiver therefore requests that this Court discharge him from all duties other than his duties as Plan Agent, and permit him to resign as provided for in the Plan when those duties are at an end.

9.      Third, the Receiver will handle any ministerial tasks arising as the result of this appointment.   For example, the Receiver continues to be periodically required to execute corrective deeds or operator division orders, or sign over checks, with regard to assets previously liquidated.  Likewise, the Receiver may passively collect and distribute funds already allocated by this Court (e.g., further recoveries by FINRA against a Provident broker-dealer, or criminal restitution awards), but as the path of these funds is now settled by the claims process already completed, there should not be any need for further action by this Court.

### **Modifications Requested to Current Orders Directing the Receiver**

10.     The Receiver requests that the following orders be modified in order to accomplish the proposed provisional discharge.

11.     The Receiver is currently subject to four orders:  the original receivership order (Dkt. 14), the stipulation providing for the joint administration of the receivership and the bankruptcy (Dkt. 59), the expanded receivership order (Dkt. 83), and the order directing a supplemental claims process as to the Blimline Personal Assets (Dkt. 316).

12.     The Blimline Personal Asset claims process has been completed.  The Receiver therefore prays that he be discharged from any further obligation with regard to the Blimline Personal Assets order or any Blimline creditor (Dkt. 316).

13.     With regard to the Plan Agent duties, these are already governed by the Bankruptcy Plan.  Accordingly, the Receiver requests that, upon completion of his duties as Plan Agent, the Receiver be allowed to simply file a notice to such effect.

14.     With regard to any ministerial duties, the Receiver prays that he retain nominal authority pending the completion of his service as Plan Agent, but that he be relieved of any further administrative responsibilities since, following the Court's determination of the final fee application, the Receiver will carry out the terms of that order and forward any excess funds beyond the present administrative reserve to the PR Liquidating Trust, leaving no funds in the receivership estate.  Accordingly, the Receiver requests that he be released from the following paragraphs of the original and expanded receivership orders (Dkts. 14 & 83): 35-36 (maintaining receivership accounts) and 54-64 (court reporting provisions).

## Conclusion

15.     The Receiver hereby requests that he be provisionally discharged as requested herein.

RECEIVER'S FINAL REPORT AND MOTION FOR DISCHARGE - Page 4

Respectfully submitted,

Munsch Hardt Kopf & Harr, P.C.
3800 Lincoln Plaza
500 N. Akard Street
Dallas, Texas 75201-6659
Telephone:  (214) 740-5180
Facsimile:  (214) 855-7584

/s/ James M. McGee_____
James M. McGee
Bar No. 13613220

**_Counsel for Receiver_**

## CERTIFICATE OF SERVICE

This is to certify that the undersigned caused a true and correct copy of the foregoing to be served on all parties requesting electronic service on this 18th day of July, 2012.

/s/ James M. McGee_____
James M. McGee

RECEIVER'S FINAL REPORT AND MOTION FOR DISCHARGE - Page 5