IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | § | |
| | § | |
| v. | § | Civil No. 3-09CV1238-L |
| | § | |
| PROVIDENT ROYALTIES, LLC, et al. | § | |

## RECEIVER'S FINAL FEE APPLICATION

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Receiver Dennis L. Roossien, Jr. ("Receiver") submits this Final Fee Application, respectfully stating:

## Introduction

1.     This Application is tendered pursuant to the procedures established in the Order Appointing Receiver (Dkt. 34 at 19-20, ¶¶ 59-64).  The Receiver, in taking this appointment, agreed to be subject to these procedures, as well as to certain Billing Instructions.  Consistent with the appointment order and those instructions, the Receiver has previously tendered this Application for review by the Securities and Exchange Commission ("Commission"), and has addressed any concerns raised by the Commission prior to the filing of this Application.

2.     The procedures also provide that all Quarterly Fee Applications will be interim and will be subject to cost benefit and final reviews at the close of the receivership.  The procedures further provide that the Court may direct that the Receiver to hold back 20% of the amounts set forth in this Application pending a final application submitted at the end of the case.

## Period Covered by Application

3.     This Application covers the period July 1, 2011 through June 30, 2012.

4.     This Application is also a final application, and seeks release of the amounts held back during the course of the case.

**Status of Receivership and Summary of Work Performed During Application Period**

5.        The quarterly reports corresponding to this Application are the Ninth Report (Dkt. 341), Tenth Report (Dkt. 372) and Final Report (tendered herewith).

6.        During the period covered by this Application, the Receiver completed the Blimline Personal Assets claim solicitation, reviewed the claims submitted, evaluated claim priorities, submitted reports with recommendations, addressed an objection submitted by Blimline, coordinated with efforts to resolve the remaining claims in the main action, handled various administrative matters and prepared final papers seeking the closure of this case.

7.        The Receiver incurred $52,484.79 in administrative expenses in the period covered by this Application.  The Receiver seeks approval of these amounts as reasonable and necessary.  The invoices attached in Exhibit "B" have time detail entries that are consistent with the Billing Instructions, and which accordingly provide the rates charged, the time spent, a description by entry of the work performed, and also classifies the work by task.  The invoices are also summarized in the following chart:

| Firm | Invoice Thru | Fees | Expenses | Totals |
|------|-------------|------|----------|--------|
| Munsch Hardt | 7/31/2011 | $2,771.00 | $44.49 | $2,815.49 |
| Munsch Hardt | 8/31/2011 | $2,475.50 | $137.54 | $2,613.04 |
| Munsch Hardt | 9/30/2011 | $3,876.00 | $89.78 | $3,965.78 |
| Munsch Hardt | 10/31/2011 | $6,545.00 | $32.41 | $6,577.41 |
| Munsch Hardt | 11/30/2011 | $10,192.00 | $212.39 | $10,404.39 |
| Munsch Hardt | 12/31/2011 | $7,418.00 | $1,957.92 | $9,375.92 |
| Munsch Hardt | 1/31/2012 | $2,482.00 | $134.82 | $2,616.82 |
| Munsch Hardt | 2/29/2012 | $1,258.00 | $55.63 | $1,313.63 |
| Munsch Hardt | 3/31/2012 | $34.00 | $59.32 | $93.32 |
| Litzler Segner | 12/31/2011 | $5,977.00 | $80.28 | $6,057.28 |
| Litzler Segner | 2/15/2012 | $6,218.00 | $91.31 | $6,309.31 |
| Litzler Segner | 6/30/2012 | $340.00 | $2.40 | $342.40 |
|  |  |  |  | $52,484.79 |

**Release of Holdbacks**

8.     The Receiver has submitted detailed applications and reports throughout the case. The Receiver would therefore primarily rely on those applications and reports, which reveal three primary areas of benefit produced by the Receiver and his professionals in this matter.

9.     The first and most obvious benefit provided has been the recovery of funds for creditors and investors.  In his final report, the Receiver provides a financial summary in the form requested by the SEC, and a projection that shows the final net position of the receivership estate.  That same report is attached hereto as Exhibit A.  As shown in the report, the net distribution to creditors and investors is $7,451,437.91.  This is on a gross recovery of $8.9 million.  Total administrative expenses will come to $1,284,456.83, or approximately 14% of the gross recovery.  It should be remembered that this was not a case where the Receiver simply recovered cash, but rather these costs reflect efforts to locate and then liquidate distressed assets and/or to successfully purse litigation, usually in concert with parallel proceedings.

10.     The Receiver has also accumulated and digested evidence that has been of great benefit in the litigation efforts of the Liquidating Trust.  In addition to the funds that have flowed through this estate, this evidence has and will continue to provide further recoveries for Provident investors in the tens of millions of dollars.  Based upon this evidence, the Liquidating Trust has brought claims against brokers, insiders and other responsible parties.

11.     Finally, the Receiver has provided reports, answered hundreds of calls from defrauded investors, and responded to investigating authorities.

12.     The holdbacks that the Receiver requests be released are as follows:  Munsch Hardt - $249,532.10; Litzler Segner - $33,181.47; Bridge Associates - $75,886.38.

13.     In the course of making distribution recommendations, the Receiver included administrative reserve recommendations that provided sufficient funds to pay these amounts.

The unused portion of the reserve is $86,229.38, and the Receiver proposes that this flow over to the PR Liquidating Trust for the benefit of the Provident investors.

14.     For the reasons stated herein and in prior applications and reports, the Receiver requests that the Court release these holdback amounts and direct that the excess be paid over to the PR Liquidating Trust.

### Application of Johnson Factors

15.     The primary concern in an attorney's fee case is that the fee awarded be reasonable. *Blum v. Stenson,* 465 U.S. 886, 893 (1984).  In this Circuit, the applicable test is set forth in *Johnson v. Georgia Hwy. Express, Inc.,* 488 F.2d 714 (5th Cir. 1974).  Under that test, a court must first determine the loadstar amount by multiplying the reasonable number of hours billed by a reasonable billing rate. That amount can then be adjusted by various factors.

16.     The following reviews this Application with regard to each of the *Johnson* factors:

(a)     The time and labor required. The time and labor required are set forth in detail in the statements contained in Exhibit "B" and summarized above.

(b)     The novelty and difficulty of the questions.  The questions addressed by the professionals herein are novel and difficult in a number of respects as noted in prior applications.  The Receiver's work included the mapping of the flow of nearly $1 billion through four interrelated ponzi schemes covering a six year period, and the recovery of value from distressed assets and parties with liabilities to the estate.

(c)     The requisite skill to perform the service.  The Receiver believes that the services performed in this case have required individuals possessing considerable experience in business transactions, investment fraud, litigation, equity receiverships and liquidations. The Receiver and his counsel have considerable experience in these areas.

(d)     The preclusion of other employment due to the acceptance of the case. The Receiver and his professionals have not declined any representation solely because of their services as Receiver and counsel for the Receiver.

(e)     The customary fee. The hourly rates sought herein are commensurate with the rates charged by other practitioners of similar experience levels in the Northern District of Texas and in the case of the Receiver and his professionals.  With regard to his counsel, the rates represent a ten percent reduction from their standard rates, which was agreed at the outset of the case at the request of the Commission.

(f)     Whether the fee is fixed or contingent. The Receiver and his professionals' fees are fixed insofar as monies exist by way of receivership assets from which to pay such fees. Payment of such fees, however, is subject to Court approval, and is contingent upon the availability of receivership assets.

(g)     Time limitations imposed by the Client or other circumstances.  The efforts conducted during the period covered by this Application were not conducted on an emergent basis.

(h)     The amount involved and the results obtained.  The results obtained are described above.

(i)     The experience, reputation and ability of the attorneys.  Munsch Hardt is a broad-based commercial firm with substantial experience in the handling of matters generally related to civil trial law, dispute resolution, bankruptcy and general workout matters. The practice of the attorneys specifically in this case regularly includes the representation of investors and other persons involved in business transactions in which the investors or other parties are victims or aggrieved in some fashion.  Receiver and his counsel have also participated in other large enforcement receiverships. The reputations of the Receiver and his counsel are recognized

and respected in their community and area of practice.  Bridge Associates is a nationally recognized firm, which provides services to distressed companies, typically in connection with insolvency proceedings.  Litzler Segner is a well-established local firm, which extensive experience in securities enforcement receiverships.

        (j)     <u>The undesirability of the case</u>.   The service as Receiver and the representation of the Receiver incident to this case has not been undesirable.

        (k)     <u>The nature and length of the professional relationship with the client</u>.  This is not a factor with regard to this engagement.

        (l)     <u>Award in similar cases</u>.  The Receiver submits that the fees requested in this case are commensurate with awards approved in comparable cases in this district.

<u><strong>Certification</strong></u>

As required by the Order Appointing Receiver, the undersigned hereby certifies that the fees and expenses incurred herein and reflected on this Application were incurred in the best interests of the Receivership Estate; and (with the exception of the Billing Instructions agreed to with the Commission) the Receiver has not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation to be paid or to be paid from the Receivership Estate, or any sharing thereof.   Additionally, as required by the Billing Instructions, the undersigned hereby additionally certifies that he has read this Application, that to the best of his knowledge, information and belief formed after a reasonable inquiry, the Application and all fees and expenses herein are true and accurate and comply with the Billing Instructions, that all fees contained in the Application are based on the rates listed in the Applicant's original fee schedule and such fees are reasonable, necessary and commensurate with the skill and experience required for the activity performed, that he has not included in the amount for which reimbursement is sought the amortization of the cost of any investment,

equipment, or capital outlay (except to the extent such may exist in the permitted allowable amounts set forth in the Billing Instructions with regard to photocopies), and in seeking reimbursement for a service which was justifiably purchased or contracted for a professional from a third party, he requests reimbursement only for the amount billed by and paid to the vendor and he is not making a profit on any reimbursable services provided by him.

**Conclusion**

WHEREFORE, PREMISES CONSIDERED, the Receiver requests that this Court approve payment of fees and expenses as set forth herein.

Respectfully submitted,

**MUNSCH HARDT KOPF & HARR, P.C.**
3800 Lincoln Plaza
500 North Akard Street
Dallas, TX 75201-6659
(214) 740-5108
(214) 855-7584 (facsimile)

By: */s/ Dennis Roossien*
    Dennis L. Roossien, Jr.
    Bar No. 00784873

**CERTIFICATE OF CONFERENCE**

Prior to filing this motion, I tendered an earlier draft to the Plaintiff, who stated overall agreement with the relief sought.

*/s/ Dennis Roossien*
Dennis Roossien

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of July, 2011, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Dennis Roossien*
Dennis Roossien