# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:09-CV-01238-L** |
| PROVIDENT ROYALTIES, LLC, et al., | § § § | |
| Defendant. | § § | |

## ORDER

Before the court is the Securities and Exchange Commission's ("SEC") Motion for Summary Judgment Against Defendant Joseph S. Blimline ("Defendant") (Doc. 393), filed October 15, 2012; and the SEC's Motion for Judgment (Doc. 397), filed November 19, 2012. Defendant did not file a response to either motion. The case was referred to Magistrate Judge Irma C. Ramirez, who entered Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report"), on August 26, 2013, recommending that the SEC's Motion for Summary Judgment be granted and the SEC's Motion for Judgment be denied as moot. The report also recommended that the court issue a permanent injunction preventing all future violations of federal securities laws, a bar on Defendant from serving as an officer or director of a public company, disgorgement with prejudgment interest, and a civil monetary penalty. No objections to the Report were filed.

On July 1, 2009, the SEC filed its original complaint against Provident Royalties, LLC et al., stating claims of (1) fraud in connection with the purchase or sale of securities, in violation of Section 10b of the Exchange Act (15 U.S.C. § 78j(b)) and Rule 10b-5 of the Exchange Act (17 C.F.R. § 240.10b-5); (2) employment of a device, scheme or artifice to defraud, in violation of

Section 17(a)(1) of the Securities Act (15 U.S.C. § 77q(a)(1)); (3) fraud in the offer and sale of securities, in violation of Sections 17(a)(2) and (3) of the Securities Act (15 U.S.C. § 77q(a)(2) and (3)); and (4) unjust enrichment. On December 3, 2009, Plaintiff filed an amended complaint, which added allegations against Defendant. On March 11, 2010, the case was referred to Magistrate Judge Irma C. Ramirez for pretrial management. On March 10, 2011, Defendant filed his original answer. On June 18, 2012, the court reinstated its Standing Order of Reference, referring the case to Magistrate Judge Ramirez for pretrial management. On October 9, 2012, the magistrate judge issued an order stating that this action remained pending against only Defendant. On October 15, 2012, Plaintiff filed its Motion for Summary Judgment against Defendant. In its Motion for Summary Judgment, Plaintiff also seeks a permanent injunction preventing all future violations of federal securities laws, a bar on Defendant from serving as an officer or director of a public company, disgorgement with prejudgment interest, and a civil monetary penalty. On November 19, 2012, Plaintiff filed its Motion for Judgment (as to Defendant). Defendant did not respond to the motion for summary judgment or to the motion for judgment.

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **grants** the SEC's Motion for Summary Judgment Against Defendant Joseph S. Blimline (Doc. 393) and **denies as moot** the SEC's Motion for Judgment (Doc. 397). The court also **accepts** the magistrate's recommendation that the court grant disgorgement of $16,577,551 plus prejudgment interest of $1,766,463.48, grant Plaintiff an award of a civil penalty of $16,577,551, enjoin Defendant from future violations of the Securities Act and the Exchange Act, and ban Defendant from acting as a

director or officer of any public company.  Accordingly, Defendant is hereby **ordered** to pay $16,577,551 in disgorgement plus $1,766,463.48 in prejudgment interest; **ordered** to pay $16,577,551 in civil penalties; **enjoined** from future violations of Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act, and Rule 10b-5; and **banned** from acting as a director or officer of any public company, as Plaintiff has satisfied all elements of each respective remedy.  Judgment will issue by separate document as required by Federal Rule of Civil Procedure 58.

**It is so ordered** this 23rd day of September, 2013.

_____
Sam A. Lindsay
United States District Judge